Dickman, J.
Although at common law a note under seal is not negotiable, either by delivery or indorsement, so as to enable the holder to maintain an action upon it in his own name, the sealed note now under consideration became negotiable hy statute, unless its negotiability was destroyed by the *439 warrant of attorney attached to it. It is provided by section 3171 of the Revised Statutes, that all bonds and promissory notes, for a sum certain, and payable to any person or order, shall be negotiable by indorsement thereon; “ and all such instruments payable to a person or bearer shall be negotiable by delivery.” . In this state, it is held that if the note is in itself certain and perfect, without conditions, it may remain negotiable, although the power of attorney to confess judgment attached to and forming a part of the note, may not, by its terms, operate in favor of an indorsee or transferee of the note. Osborn v. Hawley, 19 Ohio, 130.
Whether the warrant of attorney can be executed for the benefit of a holder of the note other than the payee, must depend upon the language of the warrant itself. But it is an established principle, that an authority given by warrant of attorney to confess a judgment against the maker of the note, must be clear and explicit, and strictly pursued, and we cannot supply any supposed omissions of the parties. Cushman v. Welsh, 19 Ohio St., 536 ; Cowie v. Allaway, 8 T. R., 257 ; Henshall v. Matthew, 1 Dowling’s Pr. Cas., 217 ; Foster v. Claggett, 6 Dowling’s Pr. Cas., 524; The Manufacturers’ and Mechanics’ Bank of Philadelphia v. St. John, 5 Hill, 497. In all cases of special agency, an agent constituted for a particular purpose, and under a limited power, cannot bind his principal if he exceeds that power. The special authority must be strictly pursued. 2 Kent’s Com., 621. And the same principle may be traced back to the Roman law, by which, when the authority was express or special, the agent was bound to act within it.
The'plaintiff in error, in executing the note, might be presumed to have authorized an attorney to enter up a judgment against him in favor of the payee, when he would-not be presumed to have consented to stand in the relation of judgment debtor to a stranger or adverse holder, to whom the payee might.indorse or deliver the note. The maker might well insist upon a strict construction of the power granted, when the payee, by transferring the note before maturity, might preclude a defense which he might hav« at maturity. The power *440 of attorney attached to the note in controversy, does not, in express language, authorize a confession of judgment in favor of any one, not even of the payee; but if such authority might be implied as to the payee, we cannot, under the rule of a strict interpretation, extend that implication in favor of the defendant in error to whom the note was transferred by delivery.
In Osborn v. Hawley, supra, as appears from a certified copy of the journal entry in the court of common pleas, upon which error was assigned, the warrant of attorney did not indicate in whose favor a judgment might be confessed, and it was held, that when the legal title to the note was transferred, such power of attorney became invalid and inoperative, and no authority whatever could be exercised under it for the benefit of the indorsee.
In Marsden v. Soper, 11 Ohio St. 503, the warrant of attorney under which judgment was confessed, purported to authorize such confession “in favor of any holders of this obligation,” at any time after the same became due; but the court questioned, whether such a warrant of attorney would be legally operative, to authorize the confession of a judgment in favor of an indorsee of such note.
In Cushman v. Welsh, supra, the power was conferred by the terms of the instrument, to confess judgment only “in favor of the legal holder of the note,” and it was decided that a warrant of attorney for the confession of such a judgment,' did not authorize a confession of judgment on such note in favor of the owner and holder thereof, without'an indorsement thereon by the payee, as provided by the statute, transferring the legal title to such owner and holder of the note.
In Watson v. Paine, 25 Ohio St. 340, the warrant of attorney attached to the note gave authority to appear in any court of record in the United States, and confess a judgment against the makers, “ in favor of the holder of the note.” The point was made in the case, that the warrant of attorney did not authorize the waiving of process, or an appearance for the makers, in an’action brought by an indorsee of the note; in other words, that the power of attorney was not negotiable. The court did not find it necessary to decide the point, but *441 it was said by Mcllvaine, J., in delivering the opinion of the court, “ I am unable to find a reason why a power to confess judgment in favor of any holder of the note, may not as well be used in favor of an indorsee as in favor of the payee.”
In Clements v. Hull, 35 Ohio St. 141, the scope of the power was not limited as in Cushman y. Welsh, supra, in favor of the legal holder only, but the authority given by the warrant of attorney was, “ to confess judgment in favor of the holder of said note.” It was by virtue of such language in the warrant, that the court was of opinion, that the power authorizing waiver of process and confession of judgment-might be executed in favor of an equitable owner and holder, to whom the sealed note — payable to a designated payee or bearer — had been transferred by delivery, without indorsement thereon as required by the statute.
It will thus be seen, that where it has been adjudged by the court that a power of attorney to confess a judgment may be executed in favor of a party other than the payee, it has been in cases w'here authority was expressly conferred to confess a judgment in favor of a legal holder or holder of the note. The decisions have all been based upon a strict interpretation of the power granted, without aiding any omission or defect in its terms by liberal intendment or construction.
In accordance with the views which we have expressed,’ our conclusion is, that the warrant of attorney attached to the note sued on, did not authorize a confession of judgment in favor of defendant in error, and there having been no summons or other notice to the plaintiff in error oF the bringing of the original action, the court of common ' pleas acquired no jurisdiction over t-he person of the plaintiff in error, and erred in rendering a judgment against him.
We are therefore of opinion, that the judgment of the court of common pleas should be reversed, and the petition in that court dismissed without prejudice.

Judgment accordingly.